1  Terrence J. Coleman    (State Bar No. 172183)
   Michael J. Quirk        (State Bar No. 283351)
2  PILLSBURY & COLEMAN, LLP
   The Transamerica Pyramid
3  600 Montgomery St., 31st Floor
   San Francisco, California 94111
4  Telephone: (415) 433-8000
   Facsimile:  (415) 433-4816
5  Email: tcoleman@pillsburycoleman.com
         mquirk@pillsburycoleman.com
6
   Attorneys for Plaintiff,
7  ROBERT MACINTOSH

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT MACINTOSH,                    )    Case No.
                                         )
12              Plaintiff,               )    **COMPLAINT FOR RECOVERY OF ERISA**
                                         )    **BENEFITS**
13       vs.                             )
                                         )
14  UNITEDHEALTHCARE INSURANCE           )
    COMPANY,                             )
15                                       )
               Defendant.                )
16  _____  )

17

18       Plaintiff alleges on information and belief as follows:

19                    **JURISDICTION AND VENUE**

20       1.      This case arises from violations of the Employee Retirement Income Security Act of

21  1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"), over which this Court possesses original jurisdiction

22  pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1131.

23       2.      Venue is proper in this District because UnitedHealthcare Insurance Company is

24  authorized to transact business—including the sale, issuance and administration of health insurance—

25  in the State of California, and may be found in this District.  29 U.S.C. § 1132(e)(2).  It administered

26  the health insurance at issue within this district.  *See id.*

27  ///

28  ///

COMPLAINT FOR RECOVERY OF ERISA BENEFITS

1

**THE PARTIES**

2        3.      Plaintiff Robert MacIntosh ("Plaintiff") is an individual who is currently, and at all

3    relevant times was, a resident and citizen of the City and County of San Francisco, State of California.

4        4.      UnitedHealthcare Insurance Company ("UHC") was and is a health insurance carrier

5    authorized to transact business in the State of California, including the sale, issuance and

6    administration of health insurance.

7

**FACTUAL ALLEGATIONS**

8        5.      At all relevant times, Plaintiff's wife Elizabeth England was a partner at the law firm

9    Morris Polich & Purdy LLP.  Incidental to her employment, Ms. England was enrolled in the Morris

10   Polich & Purdy LLP healthcare plan (the "Plan").  The Plan provides health insurance to participating

11   Morris Polich & Purdy LLP employees and their families.  The Plan was insured by UHC policy

12   number GA9N1440BW, a group policy offered and underwritten by UHC.

13       6.      The Plan is an employee welfare benefit plan governed by the Employee Retirement

14   Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

15       7.      At all relevant times, Plaintiff was a qualifying ERISA beneficiary under the Plan

16   through Ms. England's participation in the Plan, and thus was insured by UHC policy number

17   GA9N1440BW.

18       8.      UHC was and remains the de facto Plan administrator and claims fiduciary of the Plan.

19   As the payor of benefits and the claims administrator of the Plan, UHC operates under a structural

20   conflict of interest, as defined *by Abatie v. Alta Health and Life Ins. Co*., 458 F.3d 466 (9th Cir. 2006)

21   (en banc) and *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

22       9.      At all material times, all premiums due to maintain coverage in full force and effect

23   were paid.

24       10.     At all material times herein, Plaintiff complied with all the material provisions

25   pertaining to the Plan and group policy, or compliance was waived by UHC, or both.

26       11.     In October 2015, while the Plan was in full force and effect, Plaintiff collapsed while

27   vacationing due to back pain and associated weakness.  He was taken to an urgent care clinic and

28   evaluated, and a transport wheelchair was obtained.  Claims for these services and durable medical

COMPLAINT FOR RECOVERY OF ERISA BENEFITS

1   equipment were submitted to UHC, but ignored.  Plaintiff flew to California, and on October 16, 2015,

2   Plaintiff was admitted to the emergency room at UCSF hospital for severe lower back pain with

3   radicular symptoms in his left leg.

4          12.     Around October 19, 2015, while the Plan was in full force and effect, Plaintiff

5   underwent a spinal procedure with implanted instrumentation—specifically, an L3-L4 Smith-Peterson

6   facet osteomtomy, L3-L4 transforaminal lumber interbody fusion with Concorde cage, L3-L5 pedicle

7   screw fixation and posterolateral arthrodesis and fusion with local bone graft and bone graft extender,

8   and L3-L5 laminectomies and foraminotomies.

9          13.     Plaintiff was evaluated after the surgery and it was determined he was not sufficiently

10  stable to be discharged to home care.  Due to post-operative pain, anemia, constipation, neutral spine

11  precautions, patellofemoral arthritis, mild hypokalemia, hypertension, extremity weakness, radicular

12  leg pain, and right knee pain and edema, Plaintiff's treators—including his neurosurgery team—

13  concluded that Plaintiff needed to be discharged to acute inpatient rehabilitation.

14         14.     On October 24, 2015, while the Plan was in full force and effect, Plaintiff was admitted

15  to acute inpatient rehabilitation at St. Francis Memorial Hospital—located in San Francisco,

16  California—where he received 24-hour supervision by both a rehabilitation physician and medical

17  internist.

18         15.     The Plan promises to pay benefits for "Covered Health Services."  "Skilled Nursing

19  Facility/Inpatient Rehabilitation Facility Services" are identified as a type of Covered Health Service.

20         16.     On October 24, 2015, UHC denied Plaintiff's claim for acute inpatient rehabilitation at

21  St. Francis Memorial Hospital, informing him the services would not be covered because UHC

22  determined they were not "medically necessary."  Plaintiff submitted an expedited appeal on

23  November 9, 2015, which included a letter from his spine surgeon explaining the necessity for acute

24  inpatient rehabilitation.  Despite the fact that Plaintiff's acute inpatient rehabilitation met the group

25  policy definition of a medically necessary Covered Health Service, on November 11, 2015, UHC

26  denied the appeal, arguing that the acute inpatient rehabilitation was not medically necessary because

27  "[t]here are no medical problems noted that required daily supervision by a doctor.  You had no skilled

28  nursing needs . . .  Your rehabilitation needs could have been provided at a lower level of care."

-3-
COMPLAINT FOR RECOVERY OF ERISA BENEFITS

///

17. On March 15, 2016, Plaintiff appealed UHC's November 11, 2015 denial of his claim for acute inpatient rehabilitation and all other claim denials for care and treatment related to his October 19, 2015 spinal surgery including, but not limited to, durable medical devices and medications such as Oxycontin and Forteo.

18. On April 11, 2016, UHC responded to Plaintiff's March 15, 2016 appeal by denying coverage for Oxycontin and Forteo and ignoring his appeal regarding acute inpatient rehabilitation and other claims for care and treatment related to his October 19, 2015 spinal surgery.

19. Despite the fact that Plaintiff's acute inpatient rehabilitation and all other claims for care and treatment related to his October 19, 2015 spinal surgery meet the group policy definition of medically necessary "Covered Health Services," UHC wrongfully denied and ignored Plaintiff's claims.

20. Plaintiff has exhausted his administrative remedies.

21. UHC's actions are contrary to the terms of the Plan and have no reliable evidentiary support. UHC's actions are contrary to the reports and assessments of the doctors who have evaluated and treated Plaintiff. UHC's determination was based on evidence that is neither reliable nor substantial, and its determination denied Plaintiff due process of law. In adjudicating Plaintiff's claims, UHC's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

22. As a direct and proximate result of the aforementioned acts of UHC, Plaintiff suffered damages as outlined below.

23. As a result of the actions of UHC, Plaintiff has been improperly denied health insurance benefits for Covered Health Services due since at least October 24, 2015, together with interest thereon and has suffered further economic hardship and emotional distress. Plaintiff was, and continues to be, forced to pay out of pocket for Covered Health Services that should have been paid by UHC.

24. As a further result of the actions of UHC, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining his health insurance benefits.

COMPLAINT FOR RECOVERY OF ERISA BENEFITS

1  ///

2  ### FIRST CAUSE OF ACTION

3  **Recovery Of Employee Benefits: Health Benefits**
4  **(Against UNITEDHEALTHCARE; 29 U.S.C. § 1132(a)(1)(B))**

5      25.     Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 24 of this

6  Complaint as though fully set forth herein.

7      26.     At all relevant times, Plaintiff was insured under the UHC group policy as a beneficiary

8  of the Plan and UHC was responsible for the administration and handling of Plaintiff's benefits.

9      27.     At all material times herein, Plaintiff has complied with all the material provisions

10  pertaining to the Plan and the group policy, and/or compliance has been waived or UHC is estopped

11  from asserting non-compliance.

12      28.     While the Plan and the UHC group policy were in full force and effect, Plaintiff became

13  entitled to health benefits for medically necessary Covered Health Services—including acute inpatient

14  rehabilitation at St. Francis Memorial Hospital starting October 24, 2015—under the terms of the Plan

15  and the UHC group policy, and timely submitted claims to UHC.  Plaintiff submitted other claims for

16  care and treatment related to his October 19, 2015 spinal surgery including, but not limited to, durable

17  medical devices and the medications Oxycontin and Forteo.

18      29.     UHC, however, denied Plaintiff's claims, and continues to refuse to provide Plaintiff

19  reimbursement for medically necessary Covered Health Services.  Plaintiff twice appealed UHC's

20  denial of benefits—which were denied by UHC on November 9, 2015 and March 15, 2016—and thus

21  he has exhausted his administrative remedies.

22      30.     UHC's refusal to pay Plaintiff benefits violates the terms of the Plan and the group

23  policy, and UHC's actions in administering Plaintiff's claims and in denying benefits were wrongful,

24  arbitrary and capricious.  At all material times herein, UHC failed and refused to honor the Plan and

25  the terms of the group policy.  UHC is therefore liable for all improperly denied benefits due under the

26  Plan.

27      31.     As a proximate result of UHC's actions, Plaintiff has been deprived of his health

28  benefits to which he was and is entitled and has suffered damages as set forth above in paragraphs 23-

-5-

COMPLAINT FOR RECOVERY OF ERISA BENEFITS

1    24.

2        WHEREFORE, Plaintiff prays as follows:

3      1.     For a determination that Plaintiff is entitled to receive insurance benefits for the

4             Covered Health Services described above under the group policy, and an order

5             mandating the payment of benefits to Plaintiff;

6      2.     For damages according to proof;

7      3.     For general damages according to proof;

8      4.     For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 1132(g)

9             and ERISA § 502(g);

10      5.     For prejudgment interest on all benefits that have accrued prior to the judgment;

11      6.     For such other and further relief as the Court may find appropriate.

12

13   Dated: June 22, 2016                   PILLSBURY & COLEMAN, LLP

14

15                          By:   /s/ *Michael J. Quirk*
                               Terrence J. Coleman

16                                Michael J. Quirk
                               Attorneys for Plaintiff,

17                                ROBERT MACINTOSH

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR RECOVERY OF ERISA BENEFITS